JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:19-cv-01945-SB-SP | Date: | February 1, 2021 |
|---|---|---|---|

| Title: | *Faisal Ghous Ratcher v. Secretary of Dept. of Homeland Security, et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS**

  Plaintiff Faisal Ghous Ratcher seeks summary judgment in this case and asks the Court to enter a judgment that he is entitled to naturalization. Dkt. No. 26 (Motion). Defendants Acting Secretary of the Department of Homeland Security (DHS) and Director of United States Citizenship and Immigration (USCIS) (collectively, Defendants) oppose the motion, object to Plaintiff's evidence,[1] and seek summary judgment denying Plaintiff's naturalization request. Dkt. No. 28 (Opposition). Finding no genuine dispute of material fact, the Court **DENIES** Plaintiff's Motion and **GRANTS** summary judgment for Defendants.

     \*   \*   \*

---

[1] The Court sustains Defendants' objections to Plaintiffs' evidence, Dkt. No. 30, and does not rely on this evidence in evaluating the Motion and Opposition.

# DISCUSSION

## A. History of Plaintiff's Immigration Proceedings

Plaintiff—a native and citizen of Pakistan—first came to America in the early 1990s. Dkt. No. 25, Pls. Ex. 1. In the nearly three decades since, Plaintiff has been in and out of myriad immigration proceedings. What follows is not a comprehensive recounting of those proceedings but rather a tailored examination of the relevant history.

An immigration judge (IJ) first granted Plaintiff asylum on January 13, 2000. Dkt. No. 28-8, Plaintiff's Statement of Undisputed Facts (Pls. SUF) No. 1. The Immigration and Naturalization Service (INS) timely appealed that decision to the Board of Immigration Appeals (BIA). INS's appeal was stayed from February 2000 until May 21, 2009, when Plaintiff's removal proceeding was remanded to the IJ for further proceedings and a new decision. Dkt. No. 28-8, Defendants' Statement of Undisputed Facts (Defs. SUF) Nos. 1-2.

During the lengthy stay of the BIA appeal, Plaintiff filed a Form I-485 Application to Adjust Status to Permanent Resident (a.k.a. a "green card" application). Defs. SUF No. 3; Dkt. No. 28-1, Declaration of Marianne Parada (Parada Decl.) ¶ 7. In 2008, a USCIS field office approved Plaintiff's application—but did so in error and without jurisdiction. Defs. SUF Nos. 4-5; Parada Decl. ¶¶ 7, 11. Because Plaintiff was in removal proceedings at the time, the IJ had "exclusive jurisdiction to adjudicate any application for adjustment of status." 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1). Plaintiff's removal proceedings continued until April 2, 2013, when the Honorable Robin E. Feder terminated the proceedings without prejudice. Defs. SUF No. 7. Two weeks later, she granted a motion for reconsideration by Immigration and Customs Enforcement (ICE) and reinstated the removal proceedings. Defs. SUF No. 8.

Plaintiff never appealed IJ Feder's reinstatement order, and the removal proceedings were only formally terminated on August 8, 2019. Defs. SUF Nos. 9, 14; Dkt. No. 25 at 196-97. On February 5, 2018, IJ Feder issued a ruling granting Plaintiff asylee status. Defs. SUF No. 10. That status became effective "as of May 7, 2018." Defs. SUF No. 14; Dkt. No. 25 at 196. IJ Feder's order also noted that because Plaintiff's "asylum application[] [was] pending appeal before the [BIA], the [2008] grant of permanent residence [by the USCIS field office] was premature." Defs. SUF No. 11; Dkt. No. 28-6 at 2, n.1. Plaintiff did not appeal

any part of the February 5 order.[2]  Defs. SUF No. 12.  Instead, he filed his Form N-400 Application for Naturalization on July 15, 2018.  Defs. SUF No. 13.

Roughly five months later, USCIS denied Plaintiff's Form N-400 application.  Defs. SUF No. 16.  This action stems from that denial.

### B.  Legal Standard

Summary judgment is appropriate where the record, taken in the light most favorable to the opposing party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255; T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (no credibility determinations or weighing of conflicting evidence allowed on summary judgment).  In examining the evidence, the court "may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein," Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001), and may only consider admissible evidence, Fed. R. Civ. P. 56(e).  The moving party has the initial burden of establishing that there are no disputed material facts.  Anderson, 477 U.S. at 256.  "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### C.  Summary Judgment Is Proper for Defendants

USCIS denied Plaintiff's Form N-400 application on the grounds that he was not a lawful permanent resident and thus was not eligible for naturalization.  In its decision, USCIS stated:

---

[2] By failing to appeal IJ Feder's order, Plaintiff effectively waived his ability to challenge the government's position that the 2008 LPR status adjustment was premature and unlawful.  In any event, the government's legal position appears to be correct.

> On August 8, 2008, you obtained permanent resident status through your parent . . . as the child of an Asylee. USCIS received your Form N-400 on July 27, 2018, and on November 27, 2018, you appeared for an interview to determine your eligibility for naturalization.
>
> During your interview and review of your record, USCIS determined that you were not lawfully admitted for permanent residence. Your record reflects that your adjustment was improper because ICE had a pending appeal during that time. You had no legal basis for adjustment as the order granting you asylum was not final and therefore, you were not an[] asylee at the time of filing for adjustment.
>
> To qualify for naturalization . . . you must demonstrate that you meet all the requirements for naturalization including the requirement of having been lawfully admitted for permanent residence. You have not demonstrated that you have been lawfully admitted for permanent residence and, therefore, are ineligible for naturalization.

Dkt. No. 25, Pls. Ex. 12, at 185-86.

District courts review *de novo* the denial of an application for naturalization under 8 U.S.C. § 1421(c). Where, as here, the denial was based on Plaintiff's ineligibility for naturalization because he was not a lawful permanent resident (LPR), judicial review is limited to that determination by USCIS. *See Bellajaro v. Schiltgen*, 378 F.3d 1042, 1047 (9th Cir. 2004) (holding that "the scope of review [of a decision to deny a naturalization application] is limited to 'such' denial").[3] In conducting this limited review, the Court will not disturb or reexamine the underlying decisions made by the IJs during Plaintiff's earlier immigration proceedings. *See id.* Plaintiff bears the burden of proving his eligibility for citizenship, and any doubts about eligibility are resolved against him. *Berenyi v. Dist. Director, INS*, 385 U.S. 630, 637 (1967).

---

[3] The Court lacks jurisdiction to "remove the denial of [Plaintiff's] I90, [his] Green card renewal." Mot. at 7. *See Al-Saadoon v. Barr*, 973 F.3d 794, 801-02 (8th Cir. 2020) ("§ 1421(c)'s jurisdiction over naturalization claims does not extend to lawful permanent resident status claim").

To be eligible for naturalization, the applicant must have resided continuously in the United States "after being lawfully admitted for permanent residence" for "at least five years" prior to the date of filing the application. 8 U.S.C. § 1427(a); *see also id.* § 1429. The undisputed facts in this case are clear: the 2008 USCIS grant of LPR status was "premature" and erroneous in view of the pending appeal;[4] Plaintiff was granted asylee status on May 7, 2018; asylee status does not make an individual an LPR; and Plaintiff is not an LPR (and was not an LPR for five years at the time of his application). Under the Immigration and Nationality Act (INA), Plaintiff is not eligible for naturalization. *See* 8 U.S.C. § 1427(a).

Under controlling Ninth Circuit precedent, USCIS's erroneous grant of LPR status is irrelevant in determining Plaintiff's eligibility for naturalization. *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010) ("Although an alien may have been admitted for permanent residence, he has not been *lawfully* admitted for permanent residence if he was precluded from obtaining permanent resident status due to an inability to meet the prerequisites."). It is irrelevant because an error does not satisfy the substantive requirements of eligibility. *See id.*; *see also Monet v. I.N.S.*, 791 F.2d 752, 753 (9th Cir. 1986) ("The term 'lawfully' denotes compliance with substantive legal requirements, not mere procedural regularity. . . .") (internal citations omitted). A number of courts have reached this conclusion. *See, e.g., Ayala v. U.S. Citizenship & Immigration Servs.*, 2017 WL 3023572, at *6-7 (E.D. Cal. July 17, 2017) (concluding that the plaintiff's "LPR status was issued in error and therefore . . . she does not meet the substantive requirements of being 'lawfully admitted' for the purpose of naturalization"); *Kim v. Johnson*, 2016 WL 48090, at *7 (N.D. Cal. Jan. 5, 2016) (finding the plaintiff ineligible for naturalization because "when USCIS provides an immigration benefit that does not accord with substantive law, the benefit is never 'lawfully' provided"); *Bertos v. Napolitano*, 2013 WL 1435480, at *5 (N.D. Cal. Apr. 9, 2013) (finding the plaintiff ineligible for naturalization because her "current LPR status is based on a defective grant of asylum").

Plaintiff's moving papers are premised primarily on the following arguments: (1) that USCIS did not move to rescind his LPR status within the statutory period; (2) that any removal proceedings or other proceedings that would

---

[4] The IJ's grant of asylee status was not final in light of the government's appeal. *See* 8 C.F.R. § 1003.39. Accordingly, Plaintiff could not be granted an adjustment to LPR status. 8 U.S.C. § 1159(b).

prevent his naturalization are barred by the doctrine of res judicata; and (3) that he has lived in the United States for many years without engaging in any criminal activity. None of these arguments is meritorious.

First, Plaintiff cites section 246(a) of the INA (8 U.S.C. § 1256), asserting that USCIS had only five years to rescind his LPR status and is now time-barred. Mot. at 4. But the government filed removal proceedings and asserted Additional Charges of Inadmissibility/Deportability (Form I-261). Defs. SUF Nos. 1-2; Parada Decl. ¶13. These proceedings were sufficient to timely raise and challenge the erroneous approval of his Form I-485. 8 U.S.C. § 1256(a) (stating that "an order of removal issued by an immigration judge shall be sufficient to rescind the alien's status"). More fundamentally, even if the government were procedurally barred from pursuing rescission, they would not be precluded from substantively challenging Plaintiff's LPR status here. *See* Ayala, 2017 WL 3023572, at *7 ("The fact that the LPR rescission period has passed . . . does not change the fact that [the plaintiff's] LPR status is not in substantive compliance with the law.").

Second, Plaintiff's res judicata argument—i.e., that removal proceedings could not be reopened because IJ Feder had dismissed the case without prejudice in April 2013 (Mot. at 6)—is misplaced. The doctrine of res judicata only applies if a court of competent jurisdiction has rendered "final judgment on the merits of the claim in a previous action involving the same parties or their privies." *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994). IJ Feder's April 2, 2013 order was not a final judgment; she granted the dismissal without prejudice and then granted a motion for reconsideration—reopening the case—just two weeks later. Defs. SUF No. 8; *see* Richards v. Ernst & Young, *LLP*, 744 F.3d 1072, 1074 (9th Cir. 2013) (dismissal without prejudice is not a decision on the merits). Defendants' denial of Plaintiff's Form N-400 is thus not barred by res judicata.

Finally, the Court cannot order the government to grant Plaintiff's naturalization application because he has been productive and law abiding while residing in the United States. Dkt. No. 27, Plaintiff Decl. ¶¶ 8-9. This Court has no authority to grant such relief, even if Plaintiff has conducted himself commendably.

## CONCLUSION

Plaintiff does not have LPR status and thus was not eligible for naturalization at the time his request was denied. Defendants' denial of Plaintiff's Form N-400 was not error. Finding no dispute of material fact in this case, the

Court **GRANTS** Defendants' request for summary judgment and **DENIES** Plaintiff's request for an order of naturalization.